## KELLY *v.* KELLY.

It is no bar to a petition for partition, that the estate, or a part of it, may be liable to be sold for payment of the debts of the former owner, by his administrator, under a license from the court of probate.

A petition for partition lies between owners claiming under a will, whether they take as purchasers, or as heirs of a former devisee, since co-heirs are by statute tenants in common.

THIS was a petition for partition, by Daniel W. Kelly, J. M. Welch, and S. H. Welch, his wife, in her right, and others, alleging that they are severally tenants in common with the defendant, J. Q. A. Kelly, of an undivided sixth part each, of two certain parcels of land situated in Salem (particularly described), and praying that a committee may be appointed to make partition and set-off, and assign to them their respective shares thereof in severalty.

At the June term, 1860, J. Q. A. Kelly appeared, and moved to dismiss the petition, because the petitioners have no other title to said premises than as heirs at law of one Hannah W. Kelly, by force of a deed of one A. Kittredge, conveying the said premises to said Hannah during her natural life, and after her decease to her heirs and assigns forever, which said deed, by the laws of this State, conveyed a fee in said premises to said Hannah, who is since deceased ; and because said premises, or a large part thereof, will be required to be sold to pay the just claims against said Hannah's estate.

This motion was supported by the production of said Kittredge's deed, which is correctly stated, and the petitioners' affidavit, showing the value of the property, and a claim in his favor, against the estate, nearly or quite equal to its value.

*G. C. Bartlett*, for the petitioners.

*Charles H. Bell*, for the petitionee.

BELL, C. J. This case is supposed by the counsel to raise the question whether the rule in Shelley's case is in force in this State in conveyances by deed, there being no doubt that a different rule is established, in the case of devises, by the Revised Statutes—which provide that "no express devise of any estate for life, or other limited estate, shall be enlarged, or construed to pass any greater estate, by reason of any devise to the heirs or issue of such person"—ch. 156, sec. 5.

The same question was raised in *Hall* v. *Nute*, 38 N. H. 425, but it was left undecided, a decision not being found necessary to be made in that case; and, so far as we are aware, no decision has ever been made in this State upon the question, nor any distinct intimation of opinion made by any of the judges. It seems to be taken for granted, by some elementary writers, that this rule is in force generally in this country, except where a different rule has been introduced by State legislation. 4 Kent Com. 229; 2 Cru. Dig. (1st Am. Ed.) 245.

It does not seem necessary in this case to express any opinion upon this question. The parties—petitioners and petitionee—are the heirs at law of Hannah W. Kelly. If the estate vested in her in fee, by virtue of the rule in Shelley's case, it descended to them as her heirs. If she took a life estate only, then they take as purchasers under the devise over to her heirs. In either view, the estate is vested in them as tenants in common,—Rev. Stat., ch. 129, sec. 3—and either of them is entitled to maintain a petition for partition in this court. Rev. Stat., ch. 206, sec. 1.

Their right to partition is not affected by the circumstance that the administrator, if the estate is insolvent, is entitled to the rents and profits pending the administration; nor that he has the right, by a license from the court of probate, to sell the property for the payment of debts; though it could not often be expedient to commence such a proceeding under such circumstances.

The usual and much the best mode of obtaining a division of an estate among co-heirs, is by petition in the court of probate; but the jurisdiction of that court is not exclusive. Rev. Stat., ch. 167, sec. 1. If a party chooses, he may apply to the Supreme Court.

Where the parties are not co-heirs, the court of probate has jurisdiction only in case there is no dispute about the title. Any proceedings there are nugatory, unless all parties assent that they should be had there, because the jurisdiction is ousted by any controversy as to the title. It is therefore the usual course to petition the Supreme Court, or commence a bill in equity in such cases.

*Motion denied.*